## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.  CHRISTIAN SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17- 1175-F |
| | ) | |
| 1.  TRANSPORTATION PARTNERS & LOGISTICS, LLC., | ) ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and hereby pleads his claims as follows:

## PARTIES

1.    The Plaintiff is Christian Scott, an adult resident of Cleveland County, Oklahoma.

2.    The Defendant is Transportation Partners & Logistics, LLC, a foreign limited liability company operating in Garfield County, Oklahoma.

## JURISDICTION AND VENUE

3.    Plaintiff's claims are for discrimination on the basis of disability, race and/or color, and sex, including the creation of a hostile working environment and termination, and retaliation for complaints related to the same, in violation of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and Oklahoma's Anti-Discrimination Act. Jurisdiction over the federal claims is vested in this Court under and 28 U.S.C. § 1331.  The state law claims arise out of the same core of facts and jurisdiction over them is vested under 28 U.S.C. § 1367(a).

4.    Venue is provided by 42 U.S.C. § 2000e-5(f)(3) under which jurisdiction is

appropriate in any district in the State.  Plaintiff resides within Cleveland County.

Plaintiff worked out of Garfield County, Oklahoma, and Defendant may be served

in that county. Cleveland and Garfield Counties are located in the Western District

of the United States District Court of Oklahoma. Wherefore, venue is proper in this

court.

## STATEMENT OF FACTS

5.  Defendant employed twenty (20) or more employees during each of at least twenty

(20) weeks of the current or proceeding calendar year, and is a covered employer

under the Americans with Disabilities Act and Title VII. There is no minimum

number of employees required to be covered by the OADA.

6.  Plaintiff Christian Scott, Caucasian, was employed by Defendant from around June

2016 until his termination on or around December 31, 2016, as a rigger.

7.  Plaintiff suffers from Lown-Ganong-Lavine Syndrome, which, without mitigating

measures, substantially limits one or more major life activities and bodily functions,

including (but not necessarily limited to) the function of his cardio-vascular system,

including heart-attack like symptoms such as irregular heartbeat and rapid

breathing.

8.  As a result of the limitations set out in Para. 7, above, Plaintiff suffers from a

disability as defined by all three prongs of the Americans with Disabilities Act in

that he suffers from a condition which materially impairs major life activities and

bodily functions as defined by 42 U.S.C. § 12102(1)(A), (2)(B) and/or is regarded

as having an impairment as defined by 42 U.S.C. § 12102(1)(C), (3), and/or has a record of disability as defined in 42 U.S.C. § 12102(1)(B).

9.   Around August 8, 2016, Plaintiff experienced what he believed to be a heart attack and went to the emergency room.

10.   Plaintiff attempted to return to work the following day, having been released from the hospital, but Defendant refused, and refused to provide light duty work.

11.   Around September 7, 2016, Plaintiff was allowed to return to work, having secured a full release from his doctor.

12.   After Plaintiff returned to work, his supervisor, Damien Bryant, would treat Plaintiff with hostility compared to the other employees, such as yelling at Plaintiff over minor work issues, and removing Plaintiff's supervisory duties, as well as complaining that Plaintiff had received compensation during his time off work.

13.   During Plaintiff's employment, Plaintiff experienced sexual harassment from a coworker, Damien Leaseman. Such harassment included but is not limited to:

A.   Mr. Leaseman trying to kiss the male employees, including Plaintiff, approximately 4-5 times per week;

B.   Mr. Leaseman smacking other male employees on the bottom on a near-daily basis;

C.   Mr. Leaseman physically putting his arms around other male employees (including Plaintiff), and sometimes thrusting his pelvis while doing so, approximately once per week; and

     D.     Mr. Leaseman grabbing Plaintiff on the crotch on approximately five (5) occasions.

14. Such behavior is objectively offensive and was offensive to Plaintiff, creating a hostile working environment on the basis of sex.

15. Plaintiff repeatedly complained to his supervisors, including at least Mr. Bryant, Kevin Hicks (Hispanic), and Juan (last name unknown). The last such complaint occurred within a month of Plaintiff's termination.

16. No remedial action was taken in response to Plaintiff's complaints, and Plaintiff's supervisor, Mr. Hicks, commented that Mr. Leaseman's behavior was "funny" in response to Plaintiff's complaints.

17. Around fall 2016, Plaintiff's supervisor changed from Mr. Bryant to Mr. Hicks (Hispanic).

18. Mr. Hicks would make race-related comments such as that he liked Hispanic workers because they were hard workers and didn't complain, didn't gripe about money, and that they would work for "beans and rice." Mr. Hicks would also treat the Hispanic workers more favorably, telling Plaintiff to work at a faster pace while allowing the Hispanic workers to work more slowly.

19. During his employment, Plaintiff would make complaints about unsafe work practices, such as performing two-crane pickups without a critical pick plan, and operating the cranes during excessively high wind speeds.

20. Defendant would not address Plaintiff's safety-related complaints, instead

instructing Plaintiff to continue working anyway, to stop making complaints, and to earn his way.

21.   On December 30, 2016, Plaintiff complained to Mr. Hicks about the unsafe conditions of performing two-crane pickups due to excessively high wind speeds. Mr. Hicks ignored Plaintiff's complaint and continued the job.

22.   On or around December 31, 2016, Plaintiff was terminated by Juan (last name unknown).

23.   The claimed reason for Plaintiff's termination was failing to report in for work.

24.   Such reason is false and pretextual in that Plaintiff had been advised work on that day was voluntary, and that Defendant had sufficient volunteers to perform the work.

25.   Motivating factors for Plaintiff's termination was Plaintiff's gender and/or his race/color, his disability, and/or his complaints related to the sexual harassment and/or safety conditions.

26.   As a direct result of Defendant's actions, Plaintiff has suffered lost wages (including back, present and front pay along with the value of benefits associated with such wages), and dignitary harm/emotional distress type damages including stress, worry, and sadness.

27.   Plaintiff has exhausted his administrative remedies by timely filing a charge of discrimination on February 3, 2017. The EEOC issued Plaintiff's right to sue letter on October 3, 2017, and Plaintiff received such letter thereafter. This complaint is

timely filed within ninety (90) days of Plaintiff's receipt of his right to sue letter.

## COUNT I

Plaintiff incorporates the allegations above and further alleges:

28. Discrimination based on gender and/or race/color and retaliation for complaining of the same are prohibited by Title VII and by the Oklahoma Anti-Discrimination Act.

29. Under Title VII and the OADA, Plaintiff is entitled to compensation for all lost wages and benefits arising from the termination.

30. Under Title VII, Plaintiff is also entitled to recover damages for the dignitary harms suffered as a result of such termination.

31. Because the actions of Defendant were willful, malicious or, at the least, in reckless disregard for Plaintiff's federally and state protected rights such that Plaintiff is entitled to an award of punitive damages under both federal and Oklahoma law.

32. Under the OADA, Plaintiff is additionally entitled to liquidated damages in an amount equaling his lost wages.

## COUNT II

Plaintiff incorporates the allegations above and further alleges:

33. Discrimination based disability and retaliation for requesting reasonable accommodations are prohibited by the Americans with Disabilities Act and by the Oklahoma Anti-Discrimination Act.

34. Under the ADA and the OADA, Plaintiff is entitled to compensation for all lost wages and benefits arising from the termination.

35.     Under ADA, Plaintiff is also entitled to recover damages for the dignitary harms suffered as a result of such termination.

36.     Because the actions of Defendant were willful, malicious or, at the least, in reckless disregard for Plaintiff's federally and state protected rights such that Plaintiff is entitled to an award of punitive damages under both federal and Oklahoma law.

37.     Under the OADA, Plaintiff is additionally entitled to liquidated damages in an amount equaling his lost wages.

## COUNT III

Plaintiff incorporates the allegations above and further alleges:

38.     Safety-related complaints such as those made by Plaintiff are protected by Oklahoma's clearly established public policy.

39.     Plaintiff was an at-will employee of Defendant such that the act of terminating his employment gives rise to a wrongful termination claim under the ***Burk*** tort doctrine.

40.     Under this count, Plaintiff is entitled to compensation for his lost wages and benefits arising from the termination.

41.     Plaintiff is additionally entitled to compensation for emotional-distress type harms caused by the termination of his employment.

42.     Because the actions of Defendant were willful, malicious or, at the least, in reckless disregard for Plaintiff's federally and state protected rights such that Plaintiff is entitled to an award of punitive damages under both federal and Oklahoma law.

## PRAYER

Plaintiff respectfully request this Court enter judgment in his favor and against Defendant and grant Plaintiff all compensatory damages suffered together with liquidated damages, attorneys' fees, costs and interest and such other legal and equitable relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED THIS  31st  DAY OF OCTOBER 2017.**

HAMMONS, GOWENS, HURST
& ASSOCIATES

s/ Leah M. Roper
Mark E. Hammons, OBA #3784
Amber L. Hurst, OBA # 21231
Leah M. Roper OBA # 32107
HAMMONS, GOWENS & ASSOCIATES
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone:   (405) 235-6100
Facsimile:    (405) 235-6111
leah@hammonslaw.com
*Counsel for Plaintiff*
**JURY TRIAL DEMANDED**
**ATTORNEY'S LIEN CLAIMED**